IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SUSAN SIEGEL, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED UNDER 29 USC 216(B),<br><br>*Plaintiff*,<br><br>v.<br><br>CVS HEALTH CORPORATION,<br><br>*Defendant*. | Civil Action No. 5:15-cv-871-OLG |

## PLAINTIFF'S MOTION TO TRANSFER VENUE

Plaintiff Susan Siegel, individually and on behalf of those similarly situated, files this Motion to Transfer Venue, requesting transfer to the Western District of Missouri, and in support shows the Court the following:

### I. INTRODUCTION

On October 7, 2015, Plaintiff filed this FLSA collective action suit alleging that she and similarly situated CVS Health Corporation ("CVS") call center employees had their FLSA rights violated because they did not receive overtime for required pre-shift work. Since that time, Plaintiff has learned that another, overlapping FLSA collective action—filed in the United States District Court for the Western District of Missouri[1] on July 1, 2014—exists and involves the *same putative class member employees* from the *same call centers* alleging the *same pre-shift overtime violations*.

In these situations, Fifth Circuit District Courts apply the "First-to-File" Rule, under which a court should transfer the second-filed action to the first-filed court when a "likelihood of

---

[1] Case No. 4:14-cv-583-SWH (W.D. Mo. July 1, 2014).

1

substantial overlap" exists between the two cases. Because a substantial overlap exists between these two cases, the Court should transfer this case to the Western District of Missouri.

## II. ARGUMENTS AND AUTHORITIES

### A. FIRST TO FILE RULE: FIFTH CIRCUIT PRECEDENT DICTATES THAT A SECOND-FILED CASE MUST BE TRANSFERRED TO THE FIRST-FILED COURT WHEN A "LIKELIHOOD OF SUBSTANTIAL" OVERLAP EXISTS BETWEEN TWO CASES

The Fifth Circuit has indicated on at least three occasions that District Courts should follow the "First-to-File" Rule in the event two collective actions overlap one another.[2] The Rule dictates that "in the absence of compelling circumstances, the Court initially seized of a controversy should be the one to decide whether it will try the case."[3] The Fifth Circuit adopted the Rule for specific reasons that it has reiterated on multiple occasions: "[A]void[ing] the waste of duplication" and "piecemeal resolution of issues that call for a uniform result."[4]

A District Court properly applies the First-to-File Rule by determining whether a "likelihood of substantial overlap" exists between the first-filed and second-filed cases.[5] "Once the likelihood of a substantial overlap between the two suits has been demonstrated, it is ... no longer up to the second filed court to resolve the question of whether both should be allowed to proceed."[6] Instead, the second-filed court should "transfer the case to the [first-filed] court to determine which case should, in the interests of administration and judicial economy, proceed."[7] Plaintiff asks the Court to apply the First-to-File rule and transfer this second-filed case to the Court presiding over the first-filed case because of clear and substantial overlap.

---

[2] *Cadle Co. v. Whataburger of Alice, Inc*., 174 F.3d 599, 603 (5th Cir. 1999); *Cadle Co. v. Whataburger of Alice, Inc*., 174 F.3d 599, 603 (5th Cir. 1999); *Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 961 F.2d 1148, 1161 n. 28 (5th Cir.1992); *Mann Mfg., Inc. v. Hortex, Inc.,* 439 F.2d 403, 407 (5th Cir.1971).
[3] *Tillery*, 2014 U.S. Dist. LEXIS 59042, 3 (S.D. Tex. Apr. 29, 2014).
[4] *Id.; see also Save Power Ltd. V. Syntek Fin. Corp.,* 121 F.3d 947, 950 (5th Cir. 1997).
[5] *Save Power Ltd. v. Syntek Finance Corp.,* 121 F.3d 947, 950 (5th Cir.1997) (quoting *Mann Mfg.,* 439 F.2d at 408).
[6] *Cadle Co. v. Whataburger of Alice, Inc.,* 174 F.3d 599, 605 (5th Cir.1999)
[7] *Id.* at 606.

2

**B.     THE COURT SHOULD TRANSFER THIS ACTION BECAUSE A SUBSTANTIAL LIKELIHOOD OF OVERLAP UNDOUBTEDLY EXISTS BETWEEN THE FIRST AND THE SECOND-FILED SUIT AND IS IN THE BEST INTERESTS OF JUDICIAL ECONOMY**

The Court should also transfer this case because a "likelihood of substantial overlap exists" between this second-filed FLSA collective action and the first-filed action currently pending in Western District of Missouri. Substantial overlap exists because both cases involve the *same* telephone-dedicated employees from the *same* call centers alleging the *same* pre-shift overtime violations. A decision to maintain this case and not transfer would result in an inefficient use of judicial resources, potentially conflicting results, and substantial burden and prejudice to the parties involved in these duplicative actions. *See e.g.*, 28 U.S. Code § 1404.

**1.     The Putative Class Members in Both Cases are Phone Dedicated Employees from Similar CVS Call Centers**

The FLSA Class Members in the first-filed case and this second-filed action consist of the same CVS phone-dedicated employees that work in CVS call centers across the country.[8] Plaintiff, her lawyers and likely the Court would have a tough time determining whether the following FLSA class definitions were alleged in this case or in the first-filed action:

> The FLSA class includes "all current and former hourly call center employees employed by Defendants who have worked at any time during the last three (3) years within the United States.[9]

> The FLSA class includes all of "CVS' telephone dedicated employees who make and receive phone calls from CVS Clients in CVS call centers through the country, including call centers [list of call centers]."[10]

Because little to no distinction exists between the compositions of the FLSA collective classes, this factor strongly supports transferring the action to the Western District of Missouri.

---

[8] Plaintiff's Original Complaint, Dkt. 1, II, ¶2; Ex. A, Woods Amended Complaint at ¶17.
[9] Ex. A, Woods Amended Complaint at ¶24.
[10] Plaintiff's Original Complaint, Dkt. 1, ¶24.

The first-filed suit and the second-filed suit even explicitly identify the same specific call centers where these phone dedicated employees worked. The Plaintiff in the first-filed suit alleges that the phone-dedicated Class Members were employed in call centers in states "including, but not limited, to: Missouri, Rhode Island, Tennessee, Texas, Ohio and Arizona." In this action, the Plaintiff alleges that these same phone-dedicated employees worked call centers in the same overlapping states:

> … San Antonio, *Texas*; Chandler and Phoenix, *Arizona*; Lee's Summit, *Missouri*; Monroeville and Pittsburgh, Pennsylvania; Fairfield, New Jersey; Lincoln and Cumberland, *Rhode Island*; Buffalo Grove and Mount Prospect, Illinois; Nashville and Knoxville, *Tennessee*; Solon, *Ohio* and other locations throughout the country.

Many of the Class Members in this case are the very same Class Members identified in the first-filed suit.

**2.     These Similar Phone Dedicated Employees from the Similar Overlapping Call Centers Allege Similar Overlapping Violations of Law**

The first-filed and second-filed actions not only involve the *same* class members from the *same* locations, but also involve the *same* exact issue: Whether their FLSA rights were violated because they (1) worked at least 40 hours per week in at least one week; and (2) did not receive overtime payment for required pre-shift overtime work prior to their shifts.[11] Moreover, both complaints allege these telephone-dedicated employees all did the same types of pre-shift activities and pay violations. Specifically, they all started up and logged into computer systems and read reviewed emails and memoranda/alerts prior to their shifts.[12]

Because such pre-shift work allegations—and even the specific pre-shift tasks identified—in the two suits patently overlap, the Court should transfer this case to the Western District of Missouri pursuant to the First-to-File Rule and otherwise under the law.

---

[11] *See* Plaintiff's Original Complaint, Dkt. 1, ¶2; *See* also, Ex. A, Woods Amended Complaint, ¶17.
[12] *See* Plaintiff's Original Complaint, Dkt. 1, ¶2; *See* also, Ex. A, Woods Amended Complaint, ¶19.

3.  **The Court Deciding the First Filed Case Has Already Shown this Case Substantially Overlaps with this Case by Certifying a Class of that Overlaps with a Portion of the Class Members in this Case**

The first-filed Court has already shown the substantial overlap between these two cases by ordering conditional certification for a group of telephone dedicated employees that worked at a call center explicitly included in Plaintiff's class definition. Specifically, the Western District of Missouri Court ordered the conditional certification of all phone-dedicated employees that worked at CVS' Lee's Summit location who were impacted by the same non-payment of pre-shift work in this case.[13] This decision to certify a substantial, overlapping portion of the purported Class Members in this case should serve as sufficient justification—even standing alone—for the Court to swiftly transfer this case to the First-Filed Action in Missouri.

4.  **Failing to Transfer this Case Could Lead to the Overlapping Result of Both Courts Ordering Nationwide Certification of the Same Putative Class Members**

Plaintiff in the first filed action filed his nationwide conditional certification motion on March 4, 2016.[14] Plaintiff in this case also plans to move for nationwide conditional certification of the same employees and call centers over a similar time period. In the event both Courts grant the Motions, even partially, the parties will both send notice to phone-dedicated CVS employees across the country, resulting in—at the very least—many hundreds of telephone-dedicated employees obtaining notices of two rival, duplicative suits.

The First-to-File Rule exists to combat against this unnecessary reality. It is a logical rule that prevents the waste of judicial results and confusion of potential Class Members who may file opt-in forms for the same exact violations in two nearly identical suits. Plaintiff asks the court transfer this case to the Western District of Missouri pursuant to the First-to-File Rule.

---

[13] Ex. B, *Woods*, Case No. 4:14-cv-583-SWH, Dkt. 43 (W.D. Mo. July 1, 2014)
[14] Ex. C, *Woods*, Case No. 4:14-cv-583-SWH, Dkt. 93  (W.D. Mo. July 1, 2014)

5

### III. CONCLUSION

The Court should transfer this case to the Western District of Missouri because maintaining this action here could lead to the piecemeal resolution of issues that call for a uniform result and would otherwise be inefficient. A decision to not transfer this action could also cause an untenable result: Duplicative notice to a nationwide class of call center employees for the same violations. Accordingly, Plaintiff respectfully requests that the Court apply the First-to-File Rule and make the logical decision to transfer Plaintiff's collective action claims to the United States District Court for the Western District of Missouri.

BY:
**/S/ JACK SIEGEL**
**J. DEREK BRAZIEL**
Texas Bar No. 00793380
**JAY FORESTER**
Texas Bar No. 24087532
**LEE & BRAZIEL, L.L.P.**
1801 N. Lamar Street, Suite 325
Dallas, Texas  75202
(214) 749-1400 phone
(214) 749-1010 fax
www.overtimelayer.com

**JACK SIEGEL**
State Bar No. 24070621
**SIEGEL LAW GROUP PLLC**
Meadow Park Tower
10440 N. Central Expy., Suite 1040
Dallas, TX 75231
(214) 706-0834
Jack@siegellawgroup.biz

**ATTORNEYS FOR PLAINTIFF**

### CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2016 a copy of the foregoing document was sent to opposing counsel via the Western District of Texas' ECF system.

/s/ Jack Siegel
**Jack Siegel**

## CERTIFICATE OF CONFERENCE

Plaintiffs' counsel conferred with counsel for Defendants in an effort to resolve the issue presented in this Motion. Defendants' counsel advised that they are opposed to the relief sought in this Motion.

/s/ Jack Siegel
**Jack Siegel**